1  MICHAEL A. FREIMANN, ESQ.
   *(pro hac vice* forthcoming)
2  mfrieman@bhfs.com
   TRAVIS F. CHANCE, ESQ., Nevada Bar No. 13800
3  tchance@bhfs.com
   EMILY L. DYER, ESQ., Nevada Bar No. 14512
4  edyer@bhfs.com
   BROWNSTEIN HYATT FARBER SCHRECK, LLP
5  100 North City Parkway, Suite 1600
   Las Vegas, NV 89106-4614
6  Telephone:  702.382.2101
   Facsimile:   702.382.8135

7

8  *Attorneys for Defendants Wynn Resorts, Limited;*
   *Wynn Resorts Holdings, LLC; Wynn America Group,*
   *LLC; Wynn Las Vegas Holdings, LLC; Wynn Las*
9  *Vegas, LLC*

10

11                    **UNITED STATES DISTRICT COURT**

12                        **DISTRICT OF NEVADA**

13  ALEXANDER XAVIER JARAMILLO,        CASE NO.:   2:20-cv-00301-GMN-BNW

14              *Plaintiff,*
    v.
15
    WYNN RESORTS, LIMITED; WYNN              **WYNN RESORTS, LIMITED, WYNN**
16  RESORTS HOLDINGS, LLC; WYNN              **RESORTS HOLDINGS, LLC, WYNN**
    AMERICA GROUP, LLC; WYNN LAS             **AMERICA GROUP, LLC, WYNN LAS**
17  VEGAS HOLDINGS, LLC; WYNN LAS            **VEGAS HOLDINGS, LLC, WYNN LAS**
    VEGAS, LLC; DOES I THROUGH X             **VEGAS, LLC'S PROPOSED DISCOVERY**
18  INCLUSIVE, AND ROE BUSINESS              **PLAN**
    ENTITIES I THROUGH X INCLUSIVE,
19                                           **SUBMITTED IN COMPLIANCE WITH**
                *Defendants.*                **LR-26-1(B)**
20

21        Defendants  WYNN  RESORTS,  LIMITED,  WYNN  RESORTS  HOLDINGS,  LLC,

22  WYNN AMERICA GROUP, LLC, WYNN LAS VEGAS HOLDINGS, LLC, and WYNN LAS

23  VEGAS, LLC (collectively referred to as "Wynn" or "Defendants"), by and through their

24  undersigned counsel of record Michael A. Freimann, Esq. (*pro hac vice* forthcoming), Travis F.

25  Chance, Esq., and Emily L. Dyer, Esq., of the law firm of Brownstein Hyatt Farber Schreck, LLP,

26  hereby files this discovery plan in compliance with Local Rule 26-1(b):

27        1.     **Meet and Confer**.

28        On February 21, 2020, the parties held a telephonic conference wherein Defendants'

20444171

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

counsel informed Plaintiff that they intended to file a dispositive motion and requested that Plaintiff stipulate to stay discovery pending resolution of Defendants' forthcoming dispositive motion. Plaintiff, who was representing himself *pro se* at the time, informed Defendants' counsel that he would consider the request and advise accordingly. Nelson Jaramillo, Esq., Plaintiff's brother and an attorney in Texas, contacted Defendants' counsel on March 4, 2020 and advised that he did not think Plaintiff would agree to stay discovery.

On March 6th and 12th, 2020, Defendants' counsel relayed the conversation to Plaintiff and asked Plaintiff to confirm whether he would agree to stay discovery. Plaintiff never confirmed whether he would agree to stay discovery. On March 23, 2020, counsel for Defendants followed up with Nelson Jaramillo, Esq., who had since advised that he would be assisting in Plaintiff's representation for this matter. Counsel for Defendants noted that March 23, 2020 was the last day for the parties to meet and confer pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), reiterated Defendants' position as to a stay of discovery, and requested that Mr. Jaramillo call them to discuss the same. Counsel for Defendants did not hear from Mr. Jaramillo by 5:00 p.m. on March 23, 2020 and, therefore, submit their own proposed discovery plan.

As a global point related to discovery, and as noted above, Defendants intend to file a Motion for Summary Judgment (the "Motion") that is dispositive of all of Plaintiff's claims in this case. The Motion is intended to be filed in the coming one to two weeks from the date of this submission. In addition, Defendants intend to concurrently file a Motion to Stay Discovery, seeking a stay of all discovery pending disposition of the Motion. Pursuant to FRCP 26(f) and Local Rule 26-1(a), Defendants attempted to hold a telephonic conference on March 23, 2020, per the above. Plaintiff's counsel did not respond to Defendants' request for a further meet and confer conference.

2.    **Pre-Discovery Disclosures**. Defendants' position is that discovery should be stayed pending disposition of the Motion they intend to file in the coming weeks. Defendants also intend to move to stay discovery concurrently with filing that Motion.

20444171

2

3.     **Discovery Cut-Off Date**.  Defendants' position is that discovery should be stayed pending disposition of the Motion they intend to file in the coming weeks. Defendants also intend to move to stay discovery concurrently with filing that Motion.

4.     **Disclosure of Experts**.  Defendants' position is that discovery should be stayed pending disposition of the Motion they intend to file in the coming weeks. Defendants also intend to move to stay discovery concurrently with filing that Motion.

a.  **Expert Reports**.  Defendants' position is that discovery should be stayed pending disposition of the Motion they intend to file in the coming weeks. Defendants also intend to move to stay discovery concurrently with filing that Motion.

b.  **Rebuttal Expert Reports**.  Defendants' position is that discovery should be stayed pending disposition of the Motion they intend to file in the coming weeks. Defendants also intend to move to stay discovery concurrently with filing that Motion.

5.     **Other Items**.

a.  **Amending Pleadings and Adding Parties**.  Defendants' position is that discovery should be stayed pending disposition of the Motion they intend to file in the coming weeks. Defendants also intend to move to stay discovery concurrently with filing that Motion.

b.  **Interim Status Report**.  Defendants' position is that discovery should be stayed pending disposition of the Motion they intend to file in the coming weeks. Defendants also intend to move to stay discovery concurrently with filing that Motion.

c.  **Pretrial Order**.  Defendants' position is that discovery should be stayed pending disposition of the Motion they intend to file in the coming weeks. Defendants also intend to move to stay discovery concurrently with filing that Motion.

d.  **Extensions or Modification of the Discovery Plan and Scheduling Order**.   Local Rule 26-4 governs modifications or extensions of this discovery plan and scheduling order.  Any stipulation or motion must be made not later than 21 days before the discovery cut-off date and must comply fully with Local Rule 26-4.

e.  **Alternative Dispute Resolution**.  Because Plaintiff failed to participate in a further meet and confer conference, the parties did not meet and confer about the possibility of

20444171

using alternative dispute-resolution processes. Defendants do not consent to such alternative forms of case disposition at this time, given their intent to file the dispositive Motion.

   f. **Alternative Forms of Case Disposition**. Because Plaintiff failed to participate in a meet and confer conference, the parties did not meet and confer about the possibility of using alternative forms of case disposition, namely a trial by a magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the Short Trial Program (General Order 2013-01). Defendants do not consent to such alternative forms of case disposition at this time, given their intent to file the dispositive Motion.

   g. **Electronic Evidence**. Because Plaintiff failed to participate in a meet and confer conference, the parties did not meet and confer about whether to produce electronic evidence in accordance with an electronically stored information ("ESI") protocol. At this time, Defendants do not anticipate any need for an ESI protocol, given their intent to file the dispositive Motion. Should that Motion be denied, Defendants will revisit whether an ESI protocol is appropriate for this case.

   h. **Stipulated Protective Order**. Because Plaintiff failed to participate in a meet and confer conference, the parties did not meet and confer about whether to execute a Stipulated Protective Order ("SPO") to govern the disclosure and production of their respective ESI and documents. At this time, Defendants do not anticipate any need for a SPO, given their intent to file the dispositive Motion. Should that Motion be denied, Defendants will revisit whether a SPO is appropriate for this case.

   DATED this 23rd day of March, 2020.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

BY: _/s/ Travis F. Chance_
MICHAEL A. FREIMANN, ESQ.
(*pro hac vice* forthcoming)
TRAVIS F. CHANCE, ESQ., Nevada Bar No. 13800
EMILY L. DYER, ESQ., Nevada Bar No. 14512

*Attorneys for Defendants Wynn Resorts, Limited; Wynn Resorts Holdings, LLC; Wynn America Group, LLC; Wynn Las Vegas Holdings, LLC; Wynn Las Vegas, LLC*

20444171

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of March, 2020, I served a copy of the foregoing **WYNN RESORTS, LIMITED, WYNN RESORTS HOLDINGS, LLC, WYNN AMERICA GROUP, LLC, WYNN LAS VEGAS HOLDINGS, LLC, WYNN LAS VEGAS, LLC'S PROPOSED DISCOVERY PLAN** by mailing a true and correct copy thereof, postage prepaid, and via electronic mail addressed to:

NELSON V. JARAMILLO, ESQ.
(*pro hac vice forthcoming*)
admin@jaramillolawoffice.com
JARAMILLO LAW FIRM
1105 Yale Street
Houston, TX 77008

*Attorneys for Plaintiff Alexander X. Jaramillo*

/s/ *Paula Kay*
An employee of Brownstein Hyatt Farber Schreck,
LLP

IT IS ORDERED that Plaintiff
must respond to ECF No. 8,
Defendants' proposed
discovery plan and scheduling
order, and address whether
he agrees to a stay of
discovery by April 6, 2020.

**IT IS SO ORDERED**

**DATED: March 25, 2020**

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

20444171