**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALEXANDER XAVIER JARAMILLO, )
)
                 Plaintiff, )    Case No.: 2:20-cv-00301-GMN-BNW
    vs. )
)     **ORDER**
WYNN RESORTS, LIMITED, *et al.*, )
)
                 Defendants. )
)

      Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Brenda Weksler, (ECF No. 12), which recommends that Plaintiff Alexander Xavier Jaramillo's ("Plaintiff's") case be dismissed without prejudice. Plaintiff, proceeding *pro se*, filed an Objection, (ECF No. 13), and a Motion to Extend Time regarding the Report and Recommendation, (ECF No. 14). Defendants did not file a response. For the reasons discussed below, the Court **DENIES** Plaintiff's Objection and Motion to Extend Time.

      On January 16, 2020, Plaintiff filed his Complaint in Clark County District Court, alleging claims against Defendants for breach of Plaintiff's employment contract and wrongful termination. (*See* Compl., Ex. 1 to Pet. Removal, ECF No. 1-2). Defendants removed the case to this Court on the basis of federal question jurisdiction and filed an Answer. (*See* Pet. Removal, ECF No. 1); (Answer, ECF No. 5). Defendants' Answer triggered a deadline for the parties to file a Proposed Discovery Plan and Schedule Order by April 4, 2020. (*See* Min. Order, ECF No. 5). On March 23, 2020, Defendants filed their Proposed Discovery Plan and Scheduling Order (the "Proposed Order"), but Plaintiff did not sign the Proposed Order. (Proposed Discovery Plan and Scheduling Order, ECF No. 8). On March 25, 2020, the Magistrate Judge ordered Plaintiff to respond to Defendants' Proposed Order by April 6, 2020, and address whether he agreed to a stay of discovery. (Order, ECF No. 9). Plaintiff failed to

respond by the April 6 deadline, and the Court again ordered Plaintiff to respond to the Proposed Order, this time by April 24, 2020. (Order, ECF No. 10). Plaintiff again failed to respond, and on April 30, 2020, the Court ordered Plaintiff to show cause in writing by June 1, 2020, why sanctions should not issue for his failure to comply with the Court's Orders. (Order, ECF No. 11). Plaintiff again failed to comply, and the Magistrate Judge issued the R&R recommending dismissal of the case. (R&R, ECF No. 12). Plaintiff filed his Objection and Motion to Extend Time on June 18, 2020, explaining that Plaintiff has retained out-of-state counsel, his counsel was unable to work for personal reasons beginning on February 4, 2020, and counsel had not yet been able to find associate counsel in Nevada for his verified petition to practice *pro hac vice*. (*See* Objection and Mot. Extend Time, ECF Nos. 13–14).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Plaintiff does not object to the substance of the R&R; rather, he "respectfully requests that the case not be dismissed and requests additional time to prosecute the case" because of the challenges his out-of-state counsel has faced. (*See* Obj. and Mot. Extend. Time, ECF Nos. 13–14). The failure of Plaintiff to respond to multiple Orders of the Court, and his inability to

explain his non-compliance until well after the Court ordered multiple responses, encourage the Court to adopt the R&R.  Not only does Plaintiff's Objection demonstrate that he was capable of providing an explanation for his delay without the assistance of counsel, but—even if the Court accepted the explanation as a reason not to adopt the R&R—the docket reflects that counsel still has not received authorization to practice before the Court, as no verified petition to practice *pro hac vice* has been filed in this case. *See* LR IA 11-2(c).  Accordingly, the Court denies Plaintiff's Objection and Motion to Extend Time.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 12), is **ACCEPTED AND ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection, (ECF No. 13), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time, (ECF No. 14), is **DENIED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED without prejudice**.

The Clerk of Court shall close the case and enter judgment accordingly.

Dated this  7  day of December, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT